## JOHN A. CASTLEBERRY v. STATE.

No. A-5037.  Opinion Filed June 15, 1925.
(236 Pac. 910.)

Colbert & Ferris, for plaintiff in error.

The Attorney General and Fred Hansen, Asst. Atty. Gen., for the State.

DOYLE, J.  The information in this case charged that January 3, 1923, John A. Castleberry "did unlawfully transport one-half gallon of whisky from a point near the town of Dougherty in said county to the city of Sulphur, at the residence of Bill Story on Tishomingo avenue." On the trial the jury returned a verdict finding the de-

fendant guilty, and requesting the court to assess the penalty. By judgment of the court he was sentenced to pay a fine of $50 and to be confined in jail for 30 days. He has appealed from the judgment.

But two questions are presented in the brief for the defendant that are based on exceptions reserved, one of which only is deemed deserving of more than a passing notice.

It is urged strenuously that the evidence is insufficient to sustain the verdict. The undisputed facts are that under authority of a search warrant the sheriff and a deputy sheriff visited the premises occupied by Bill Story and others, in Sulphur, and there found, in a grip belonging to the defendant, a half-gallon jar containing corn whisky.

Sheriff Parks testified that Bill Story, his wife, two other women, Dr. Wall, and the defendant were there when he arrived; that the place was a rooming house and a place of public resort; that when he found the whisky the defendant claimed it and said that he bought it near Dougherty, near the sand mines, and brought it up to this place in a Ford roadster; that the defendant made this statement three or four times to him, and he asked him what he was going to do with it, and the defendant said that he had some friends that he was going to give it to.

John Cornell, deputy sheriff, testified that he was present when the defendant claimed the whisky, and heard him make the statement that he bought it close to Dougherty, paid $4 for it, and brought it up here; that the place where Bill Story lived was a rooming house and a place of public resort. The fruit jar with contents was introduced in evidence.

The evidence for the state was admitted over the defendant's objection that the search warrant was illegal,

and the search under it unlawful, because the same issued to search a private residence. At the close of the evidence for the state, he moved to strike and to withdraw the same from the consideration of the jury, on the ground that the evidence so obtained was secured by an unlawful search of the residence of Bill Story, which motion was overruled. The defendant moved for a directed verdict, in the form of a demurrer to the evidence, which motion was denied.

The defendant, as a witness in his own behalf, denied having made the statements testified to by the officers; that the most of the day he was at Dr. Wall's office getting a crown put on a tooth; that he bought this half gallon of whisky in front of the barber shop in Sulphur from a fellow called Slim, who lived down near Dougherty, and paid him $8 for it; that Bill Story told him later that a fellow left a package looked like a half-gallon fruit jar at his home for him; that when the officers came there he told them that it was his whisky and that it came from Dougherty; that he did not tell them that he brought it from Dougherty; that previous to that he had been renting a room from Bill Story.

The defendant's testimony as to what he stated to the officers is corroborated by Dr. Wall. Several witnesses testified that they knew the defendant's character and reputation as to being a law-abiding citizen, and that it was good.

We do not feel called upon to analyze the evidence for the purpose of testing the weight and credibility to be given to the testimony of each witness; that was properly the province of the jury to determine. We have no occasion to determine whether, on the testimony of the witnesses for the state, we should have been satisfied as jurors to find that the defendant was guilty beyond a reasonable doubt. That consideration was for the jurors who heard the testimony of the witnesses, and not for the judg-

es of this court. It is sufficient to say that there is substantial evidence to support the verdict.

It is further contended that the search and seizure was unlawful, and for this reason the court erred in admitting the evidence obtained thereby. It is sufficient answer to this contention that the affidavit upon which the search warrant issued was not introduced in evidence, and no objection to the search having been made by the defendant or any other person at the time, objection to the use of evidence obtained was waived.

Error is also assigned on one of the instructions given by the court. The record shows that the defendant made no request for instructions, and no objection was made or exception taken to the instructions given. In the absence of an exception or a request for a more specific instruction, it will be presumed that the defendant was satisfied with the instructions given by the court.

After considering the whole case, our conclusion is that no prejudicial error appears.

The judgment is accordingly affirmed.

BESSEY, P. J., and EDWARDS, J., concur.